# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

Cheryl Shockley,

          Plaintiff,

vs.

Cypress Creek Financial, LLC,
  d/b/a Get Green 123,

          Defendant.

No. 2024-CV-_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action brought by Cheryl Shockley ("Shockley") seeking redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), and Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by Cypress Creek Financial, LLC, d/b/a Get Green 123, ("Get Green 123"). Shockley seeks recovery of actual, statutory and punitive damages, her reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

### II. JURISDICTION

2. This court has ***subject matter jurisdiction*** over Shockley's claims 15 U.S.C. §1681p (FCRA jurisdiction).

3. Defendant is subject to *personal jurisdiction* in Wisconsin courts including this court. At all material times defendant directed its tortuous and illegal conduct towards Wisconsin residents including Shockley. At all material times defendant unlawfully obtained protected and confidential information about Wisconsin residents including Shockley. At all material times defendant knowingly caused losses, damages, and injuries to Wisconsin residents including Shockley. At all material times defendant engaged in substantial business activities within Wisconsin including attempting to broker loans to Wisconsin residents including Shockley, and also selling the PII and PFI of Wisconsin residents to third parties. At all material times defendant engaged in the solicitation of Wisconsin residents for loan brokering services, including Shockley. At all material times defendant maintained registration and authorization to conduct business in Wisconsin by virtue of defendants filings with the Wisconsin Department of Financial Institutions.

4. *Venue* is appropriate in this district, as a substantial part of the acts, errors and omissions, and harm suffered, giving rise to the claims asserted by Shockley arose in this district.

### III. PARTIES

**Cheryl Shockley**

5. Plaintiff Cheryl Shockley is an individual residing in Douglas County, Wisconsin.

6. While Shockley is of normal intelligence, she lacks advanced sophistication in the specific businesses of payday loan lead marketing and credit reporting.

7. Shockley was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

8. Shockley was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

9. Shockley was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

10. Shockley was and is a "person" as that term is used in Wis. Stat. § 995.50, and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

11. Cypress Creek Financial, LLC, does business as Get Green 123, is a Florida limited liability company authorized to conduct business with Wisconsin residents generally.

12. Defendant is authorized to make loans to Wisconsin residents, repayable at interest by Wisconsin residents.

13. Defendant is engaged in arranging or brokering consumer loans and transactions made at high interest, and receiving payment for arranging or brokering those loans and transactions.

14. Defendant regularly makes loans to Wisconsin residents repayable at high interest rates, and collects money from Wisconsin residents on those loans, using the mail and the internet.

15. Defendant regularly purchases leads, from licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

16. Defendant regularly sells leads, to licensed and unlicensed loan brokers and lenders, of Wisconsin consumers who are interested in high interest loans.

17. Defendant is a sophisticated business, operating throughout Wisconsin.

18. Defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. § 138.09.

19. Defendant is a regular user of consumer reports and files under the FCRA, is restricted by the FCRA as to whose consumer reports and files its accesses, and is further restricted by the FCRA as to whom it re discloses the information it receives.

20. Defendant is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

21. Defendant is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

22. Defendant was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

23. Per the "Terms of Use" section of defendants website, defendant acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit.

24. Because defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, defendant would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2).

25. While defendant is **not** registered to act as a CSO in Wisconsin, defendant enjoys an exemption from such registration per Wis. Stat. § 425.501(2)(b)(1), as long as defendant maintains all its required licensure in Wisconsin.

26. Defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

27. As a business conducting its affairs within the United States generally, and Wisconsin specifically, defendant is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

### IV.  FACTUAL ALLEGATIONS

**Claims of Cheryl Shockley**

28. When Cheryl Shockley obtained her February 26, 2024 Clarity consumer credit report and file, she learned that Get Green 123 had accessed her Clarity consumer credit report and file on August 14, 2022 and again on December 30, 2023.

29. When Cheryl Shockley obtained her February 28, 2024 Experian consumer credit report and file, she learned that Get Green 123 had accessed her Experian consumer credit report and file multiple times on December 30, 2023.

30. The information assembled by Clarity and Experian about Shockley constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

31. The information assembled by Clarity and Experian about Shockley constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

32. The information about Cheryl Shockley, held by and released by Clarity and Experian to Cheryl Shockley, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

33. The information about Cheryl Shockley, requested by and obtained by various entities including defendants, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

34. Clarity and Experian are "consumer reporting agenc[ies]" under the FCRA, as "for monetary fees" Clarity and Experian "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

35. Clarity and Experian create, generate and produce consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Cheryl Shockley in a data base called a consumer file.

36. For example, the consumer credit reports and files produced by Clarity and Experian in February of 2024 each exceeds 12 pages, and each are full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, her credit score as compiled by Clarity and Experian, as well as her financial transaction history.

37. Shockley has never applied for credit with any defendant, nor has Shockley ever authorized any defendant to access, download, obtain or view her Clarity and or Experian consumer credit reports and files.

38. Shockley has never authorized Any defendant to access, download, obtain or view her consumer credit report and file as maintained by any other consumer reporting agency.

39. Each time defendant accessed Cheryl Shockley's Clarity and Experian consumer credit report and file, it obtained large amounts of her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her credit score and financial transaction history.

40. Defendant is required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

41. Defendant has neither adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

42. Defendant is prevented by state and federal law including the FCRA from releasing Cheryl Shockley's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

43. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Cheryl Shockley, and no "business transaction" was initiated by Cheryl Shockley.

44. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

45. Defendant is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

46. The referenced inquiries have become a permanent component of Cheryl Shockley's credit report and file and is reported to those who ask to review the credit history of Cheryl Shockley.

47. Defendant agreed and represented in its agreements with the various credit reporting agencies that each would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

48. Defendant was and is required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

49. At no time material hereto did Cheryl Shockley ever have a relationship with defendant of the kind specified under §1681b(a)(3)(A) - (F).

50. Cheryl Shockley has never given written instructions to defendant to access, download, obtain, review and/or release to a third party a consumer report and file of which Shockley was the subject.

51. Defendant has never been ordered by a court of competent jurisdiction to obtain or release a copy of Cheryl Shockley's consumer credit report and file pursuant to § 1681b(1).

52. Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

53. Reasonable procedures for users include restricting the ability of defendant's agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

54. Get Green 123's illegal, unlawful, and impermissible dissemination, acquisition and / or redisclosure of Cheryl Shockley's Clarity consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

55. Get Green 123's illegal, unlawful, and impermissible dissemination, acquisition and / or redisclosure of Cheryl Shockley's Experian consumer credit report and file violates Cheryl Shockley's privacy rights under state and federal law including the FCRA.

56. Because credit inquiries lower a persons credit score, the actions of defendant have impaired Cheryl Shockley's future access to credit.

57. As a result of the actions and omissions of defendant, Cheryl Shockley has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

58. The damages Shockley suffered as a result of the actions and omissions of defendant are directly traceable to the conduct of defendant, and are likely to be redressed by a favorable decision in this action.

## V.  CAUSES OF ACTION

### COUNT 1.    FAIR CREDIT REPORTING ACT

59.  Shockley incorporates by reference all the foregoing paragraphs.

60.  Defendant willfully and/or recklessly violated provisions of the Fair Credit Reporting Act. Defendant's violations include, but are not limited to the following:

   (a)  Get Green 123 violated 15 U.S.C. §1681b(f) by willfully and/or recklessly obtaining and distributing multiple copies of Shockley's Clarity and Experian consumer credit reports and files without a permissible purpose under the FCRA.

61.  As a result of the above violations of the FCRA, defendant is liable to Shockley in the sum of Shockley's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

### COUNT 2.    WISCONSIN'S PRIVACY STATUTE

62.  Cheryl Shockley incorporates by reference all the foregoing paragraphs.

63.  The information concerning Cheryl Shockley, as contained in the consumer credit report and file maintained by Clarity and Experian, includes non public PII such as Cheryl Shockley's social security number, and further includes non public personal financial information ("PFI") such as her banking information, and her credit score.

64.  The information concerning Cheryl Shockley, as contained in the consumer credit report and file maintained by Clarity and Experian, is private, and is of a highly personal nature.

65.  Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

66.  The unlawful accessing of that information by defendants of Shockley's consumer credit report and file is highly offensive to Cheryl Shockley.

67. The unlawful re disclosure of that information by Get Green 123 is highly offensive to Cheryl Shockley.

67. Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

68. Defendant acted unreasonably and recklessly in accessing, Cheryl Shockley's information including PII and PFI about Cheryl Shockley.

69. Defendant acted unreasonably and recklessly in re disclosing Cheryl Shockley's information including PII and PFI about Cheryl Shockley.

70. While Cheryl Shockley's PII and PFI were not disclosed to the general public, Cheryl Shockley's PII and PFI were disclosed to an audience that includes companies that Cheryl Shockley has never contracted with, companies that Cheryl Shockley has never authorized to receive such information, and companies that Cheryl Shockley has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

71. Defendant willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing Cheryl Shockley's PII and PFI.

72. As a result of the above violations of Wis. Stat. § 995.50, defendant is liable to Cheryl Shockley in the sum of Cheryl Shockley's actual damages, punitive damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive and or declaratory relief.

## VI. REQUEST FOR RELIEF

73. **WHEREFORE**, Cheryl Shockley respectfully requests that Judgment be entered against defendant as follows:

**Count 1 - FCRA**

    (a)    actual damages;

    (b)    statutory damages;

    (c)    punitive damages;

    (d)    costs and reasonable attorney's fees; and

    (e)    such other and further relief as is just and equitable.

**Count 2 - Wis. Stat. § 995.50**

    (a)    actual damages;

    (b)    punitive damages;

    (c)    declaratory and injunctive relief:

    (d)    costs and reasonable attorney's fees; and

    (e)    such other and further relief as is just and equitable.

### VII.  DEMAND FOR TRIAL BY JURY

74. Cheryl Shockley hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law, these claims be determined by a jury of her peers.

Dated: May 30, 2024

 electronically signed by Eric Crandall
Eric Leighton Crandall, Esq.
**CRANDALL LAW FIRM, S.C.**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
715-246-7174 (f)
WisconsinConsumerLaw@frontier.com
Wis. Atty. Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF
CHERYL SHOCKLEY**